Ray Cardozo (State Bar No. 173263)
Email: rcardozo@reedsmith.com
Jesse L. Miller (State Bar No. 183229)
Email:  jessemiller@reedsmith.com
James M. Neudecker (State Bar No. 221657)
Email:  jneudecker@reedsmith.com
Jennifer R. Fearnow (State Bar No. 246007)
Email: jfearnow@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

Attorneys for Petitioner
Tech Mahindra Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TECH MAHINDRA LIMITED,<br><br>          Petitioner,<br><br>     vs.<br><br>DR. HOSEIN KHAJEH-HOSSEINY,<br><br>          Respondent. | Case No. 5:18-cv-06613<br><br>**TECH MAHINDRA LIMITED'S PETITION TO COMPEL COMPLIANCE WITH ARBITRATOR'S SUBPOENA**<br><br>**(Federal Arbitration Act, 9 U.S.C. § 7)** |

Petitioner Tech Mahindra Limited ("Tech Mahindra"), by and through its attorneys, alleges as follows:

**PRELIMINARY STATEMENT**

1. Tech Mahindra, on the one hand, and Northgate Fintech Innovations Partners, L.P. (the "Fintech Fund"), Northgate Fintech, L.P., Northgate Capital, L.L.C., and Northgate Capital, L.P. (collectively, "Northgate"), on the other hand, are parties to JAMS Arbitration Proceeding No. 11100021893, currently pending before the Honorable John F. Herlihy in San Jose, California (the "Arbitration"). The Arbitration hearing commenced on Monday, October 29, 2018 at 9:00 a.m. at JAMS's San Jose resolution center.

2. Respondent Dr. Hosein Khajeh-Hosseiny ("Dr. Hosseiny") was the CEO of Northgate up until June 2018, and is critical witness in the Arbitration.

3. On September 25, 2018, counsel for Dr. Hosseiny, Ms. Amy Park, agreed to accept service of the arbitrator's trial subpoena on his behalf, and noted that Dr. Hosseiny had a strong preference for "November 2 given his schedule and other business obligations."

4. On September 26, 2018, Judge Herlihy signed and issued a hearing subpoena for Dr. Hosseiny, which was duly served.

5. On October 29, 2018, the very same day that the Arbitration was set to commence, counsel for Dr. Hosseiny notified Tech Mahindra for the first time that Dr. Hosseiny "is still out of the country" and "will be unable to return in time for trial." This evidences Dr. Hosseiny's intention not to comply with the arbitrator's subpoena and appear at the Arbitration hearing as scheduled. What's worse, Dr. Hosseiny's counsel stated that Dr. Hosseiny left the United States on September 3, 2018, approximately three weeks _**before**_ she agreed to accept service of the subpoena on his behalf and began negotiating the date of his appearance.

6. Accordingly, Tech Mahindra seeks an order from this Court under the Federal Arbitration Act, 9 U.S.C. § 7, compelling the attendance of Dr. Hosseiny at the Arbitration hearing. The Arbitration is under way, Tech Mahindra has gone to great expense and incurred significant inconvenience to secure witnesses (including having witnesses travel from India), and Dr. Hosseiny is a critical witness.

## PARTIES

7. Tech Mahindra is a technology company organized under the laws of India. Tech Mahindra is a party to the Fintech Fund's Limited Partnership Agreement ("LPA") with Northgate, which is subject to the pending Arbitration.

8. Dr. Hosseiny is an individual who, upon information and belief, currently resides in San Francisco, CA and is a citizen of California.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that Petitioner seeks to enforce Section 7 of the Federal Arbitration Act ("FAA"), which reads in pertinent part: "upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such persons or persons before said arbitrator or arbitrators …."

10. Alternatively, this Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(2), in that this is a civil action between a citizen of India, on the one hand, and citizens of California, on the other hand, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## RELEVANT FACTS

**A.   The Arbitration**

11. On June 22, 2015, Tech Mahindra and Northgate entered into the LPA that governs the Fintech Fund.

12. Certain disputes arose between the parties and, on December 28, 2017, the Fintech Fund initiated the Arbitration – *Northgate Fintech Innovations Partners, L.P. v. Tech Mahindra Limited*, JAMS Ref. No. 1110021893 – by filing a Demand for Arbitration with JAMS.

13. Tech Mahindra filed a Response and Affirmative Defenses to the Arbitration Demand on February 7, 2018. Tech Mahindra did not contest arbitrability.

14. On February 8, 2018, JAMS appointed the Honorable John F. Herlihy (Ret.) as the arbitrator.

15. On May 11, 2018, the Fintech Fund filed an Amended Arbitration Demand, a true and correct copy of which is attached as **Exhibit 1**. Tech Mahindra filed a Response and Affirmative Defenses to the Amended Arbitration Demand on May 25, 2018. Again, Tech Mahindra did not contest arbitrability.

16. On June 1, 2018, Tech Mahindra filed a "Counterclaim" against Northgate in the Arbitration. Northgate filed a response to Tech Mahindra's Counterclaim on June 15, 2018. Northgate did not contest arbitrability.

17. On August 9, 2018, Tech Mahindra filed an Amended Counterclaim, a true and correct copy of which is attached as **Exhibit 2**.

18. On June 21, 2018, Judge Herlihy issued Report of Preliminary Hearing and Scheduling Order No. 4 ("Order No. 4"). A true and correct copy of Order No. 4 is attached as **Exhibit 3**. Order No. 4 allowed each side to take five fact witness depositions. Order No. 4 also set the arbitration hearing for October 8-12, 2018. By subsequent order, Judge Herlihy continued the start of the Arbitration hearing to October 29, 2018. The Arbitration commenced October 29, 2018, and is scheduled to run through November 6, 2018.

**B.     Dr. Hosseiny's Hearing Subpoena**

19. On or around September 3, 2018, Dr. Hosseiny left the United States with no set return date according to his counsel, Ms. Amy Park. Attached as **Exhibit 4** is a true and correct redacted copy of the email exchange between counsel for Tech Mahindra and Dr. Hosseiny.

20. On September 25, 2018, even though Dr. Hosseiny was out of the country with no return date, counsel for Dr. Hosseiny agreed to accept service of the arbitrator's trial subpoena on his behalf. In her email accepting service, she noted that Dr. Hosseiny had a strong preference for "November 2 given his schedule and other business obligations". Attached as **Exhibit 4** is a true and correct redacted copy of the email exchange between counsel for Tech Mahindra and Dr. Hosseiny.

21. On September 26, 2018, Judge Herlihy signed and issued a hearing subpoena for Dr. Hosseiny to appear for testimony at the Arbitration, which was duly served and a true and correct copy of which is attached as **Exhibit 5**.

TECH MAHINDRA LIMITED'S PETITION TO COMPEL COMPLIANCE WITH ARBITRATOR'S SUBPOENA

22.     Dr. Hosseiny's counsel accepted service of the subpoena on his behalf, with a reservation of rights.

23.     On October 22, 2018, the parties had a status call with Judge Herlihy to discuss a number of issues related to the upcoming Arbitration hearing, including the presentation of testimony via deposition.  During that proceeding, Judge Herlihy noted that that "[t]he fact that Northgate will present witnesses through their testimony at deposition will not preclude Tech Mahindra from calling these witnesses to testify in person."  Attached here to as **Exhibit 6** is a true and correct copy of the Report of Preliminary Hearing and Scheduling Order No. 18.

24.     On October 29, 2018, the Arbitration commenced, and that same day, counsel for Dr. Hosseiny notified Tech Mahindra for the first time that Dr. Hosseiny "is still out of the country" and "will be unable to return in time for trial."  Moreover, Dr. Hosseiny's counsel further represented that he left the United States "on or about September 3," and that he has "no set return date."  Attached as **Exhibit 4** is a true and correct redacted copy of the email exchange between counsel for Tech Mahindra and Dr. Hosseiny.

## COUNT 1

**(Compel the Attendance of Dr. Hosseiny under the Federal Arbitration Act)**

25.     Petitioner repeats and realleges paragraphs 1 through 24 hereof, as if fully set forth within.

26.     Section 7 of the FAA states, in relevant part, that "upon petition[,] the United States district court … may compel the attendance" of "any persons so summoned to testify" by an arbitral subpoena who "refuse[s] or neglect[s] to obey said summons" "or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States."[1]  It well-established that Section 7 of the FAA means what it says: arbitrators may issue hearing subpoenas, enforceable

---

[1] The parties agreed that Delaware law, including the Delaware Uniform Arbitration Act, applies to the Arbitration.  *See* Order No. 4.  Dr. Hosseiny, however, is not a signatory to the parties' arbitration agreement, and is not bound by the parties' agreement to apply Delaware law, at least with respect to actions against him in his personal capacity.  Accordingly, Tech Mahindra proceeds under the Federal Arbitration Act.  The result under the Delaware Uniform Arbitration Act, however, would be the same. *See* 10 Del.C. § 5708(c).  The result would also be same under California's Arbitration Act. *See* Cal. Code of Civ. Proc. §§ 1282.6(c) (authorizing judicial enforcement), 1991 (providing for contempt for disobedience of subpoena).

by U.S. district courts. *See Life Receivable Trust v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 216 (2nd Cir. 2008) ("when a non-party refuses to comply voluntarily [with an arbitrator's subpoena] … the party…is limited to section 7 as a vehicle to enforce the subpoena … [T]hose replying on section 7 … must do so according to its plain text"); *In re Beck's Superior Hybrids, Inc.*, 940 N.E.2d 352, 363 (Ind. Ct. App. 2011) ("Pursuant to its plain terms, Congress requires the enforcement of an arbitration panel's nonparty subpoena to be brought in the federal forum.").

27. Dr. Hosseiny has not complied with the Arbitrator's subpoena for attendance at the Arbitration, and has indicated his intent not to comply.

28. Dr. Hosseiny is a critical witness for the Arbitration, the relevance of his testimony is evident from the content of **Exhibit 7, lodged under seal,**[2] and it has significant implications to the matters at issue in the Arbitration.

29. By reason of the foregoing, this Court should issue an order compelling compliance with the arbitration subpoena. Should Dr. Hosseiny continue non-compliance with this Court's order and the arbitration subpoena, this Court should hold Dr. Hosseiny in contempt of court.

## PRAYER FOR RELIEF

**WHEREFORE**, Tech Mahindra respectfully requests that this Court:

1. Issue an order pursuant to 9 U.S.C. § 7 compelling Dr. Hosseiny's compliance with the arbitration subpoena dated September 26, 2018.

3. Award the Petitioner such other and further relief as this Court deems just and proper.

DATED: October 30, 2018

REED SMITH LLP

By: _____
Jesse L. Miller
James M. Neudecker
Attorneys for Petitioner Tech Mahindra Limited

---

[2] Exhibit 7 has been designated Attorneys' Eyes Only ("AEO") by Northgate under the parties' Stipulated Protective Order Governing Confidential Information ("Protective Order"), dated May 1, 2018. Therefore, Tech Mahindra lodges Exhibit 7 under seal in accordance with the Protective Order and Local Rule 79-5.